726 F.Supp. 655 (1989)
In re TERRA-DRILL PARTNERSHIPS SECURITIES LITIGATION.
Alan WESTHEIMER, et al., Plaintiffs,
v.
Herman FINESOD, et al., Defendants.
Civ. A. No. H-86-3808.
United States District Court, S.D. Texas, Houston Division.
December 8, 1989.
Susman Godfrey, Houston, Tex. by William H. White, Richard Drubel, Karen Appel Oshman, for plaintiffs.
Porter & Clements, Houston, Tex., by Daniel K. Hedges, Richard O. Patterson, David L. Burgert, for defendant Laventhol & Horwath.

DECISION
MILTON POLLACK, Senior District Judge.[*]
A jury has found in this class action that the defendant, Laventhol & Horwath, is liable for damages by reason of violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. 240.10b-5, as well as for fraud in violation of the common law of Texas.
The complaint asserted claims against 30 defendants. Twenty-nine of the named defendants settled before trial by paying cash or notes. Laventhol & Horwath remained as the only defendant who went to trial.
Laventhol & Horwath has asserted a right to contribution from the settling defendants in reduction of its liability herein. Laventhol & Horwath contends that federal courts have established a right to contribution under § 10(b) and Rule 10b-5; that many cases hold that allowance of contribution in 10b-5 cases promotes the deterrent effect of the federal securities laws; and that the allowance of contribution in 10b-5 actions is soundly recognized in the Fifth Circuit.
*656 The cases which have established an implied right of contribution to a liable party have recognized, as an equitable doctrine, that a person who shared liability with another in a 10(b) situation, should not bear the sole obligation for payment. This immediately poses the question of the finality of liability of a settling defendant as well as the quantum of the ultimate liability of the non-settling defendant and how that should be determined. Equitable considerations are said to be involved.
A settling defendant is entitled to a bar against contribution. Any other rule would inhibit settlement of claims and a uniform federal settlement contribution bar rule has been recognized in decided cases and is appropriately adopted herein. The Fifth Circuit has recognized the allowance of a contribution bar rule in favor of a settling defendant. Huddleston v. Herman & MacLean, 640 F.2d 534, 559 (5th Cir.1981), aff'd in part, reversed in part and remanded, 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983).
Preliminarily, I should observe that I do not believe there should be an implied right to contribution under § 10(b) in favor of any non-settling defendant whose violations were not proximately caused or connected with a violation by any settling defendant.
The type of offset for the settlements which should be applied to the recovery against the non-settling defendant has been the subject of dispute. Three alternative measures have been used by the courts: the pro tanto rule; the proportionate rule; and the pro rata rule.
Under the pro tanto rule, the allowable contribution due to the non-settling defendant cast in damages is a deduction only of the amount of the settlement from the ultimate liability of the non-settling defendant. Singer v. Olympia Brewing Co., 878 F.2d 596 (2d Cir.1989).
Under the so-called proportionate rule, it is thought that the non-settling defendant should be allowed to set off against his ultimate liability the proportionate share of the settling defendant(s) as determined at trial. Franklin v. Kaypro Corp., 884 F.2d 1222, 1231 (9th Cir.1989). In other words, the rule attempts to ascertain, in an appropriate case however, the comparative fault of the non-settling defendant.
There is some support for a view which would add up the number of defendants sued and attribute to each named defendant a numerical proportionate share of liability. See, Herzfeld v. Laventhol, Krekstein, Horwath & Horwath, 540 F.2d 27, 38 (2d Cir.1976).
The pro tanto rule, in my opinion, is the more equitable rule of contribution for § 10(b) liability in the circumstances of this case. The claims against Laventhol & Horwath and the other defendants were distinct and different. The breaches by Laventhol & Horwath found by the jury were unique to it. Primary liability of the accountants did not depend on the liability of others. Theirs was a separate and distinct engagement on which their culpability was different from and additional to that of others.
None of the other defendants shared responsibility for or could be said to have proximately caused Laventhol & Horwath to fail independently to ascertain reasonably whether the sublicense fees were legitimate, ordinary and necessary and reasonable in amount. None shared Laventhol's responsibility independently to determine if there was a commercially reasonable basis for claiming and defending, under Laventhol's engagement, the deductions they recorded on the tax returns. None shared Laventhol's obligation to defend, properly and in good faith, the tax deductions as stemming from a venture that had economic substance.
In this case, the settling parties, if sued separately, would not have been liable for Laventhol & Horwath's fraudulent omissions to disclose to the taxpayers, whose returns they were committed to defend, true facts known to Laventhol & Horwath or the failure of Laventhol & Horwath to act independently in connection with the tax matters.
Furthermore, aiders and abettors are held to be liable for the full amount of any *657 primary liability of others. The jury found Laventhol & Horwath to be aiders and abettors.
In these circumstances, I hold with the rule of the Second Circuit in Singer v. Olympia Brewing Co., 878 F.2d 596 (2d Cir.1989), that the settlement payments act as an offset to liability of Laventhol & Horwath which was found by the jury and that Laventhol & Horwath is required to pay the remainder. This follows the rule that the injured parties are ordinarily entitled to only one satisfaction for their injury. U.S. Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1236 (10th Cir.1988).
So ordered.

ORDER
This action came on for trial before the Court and a jury, Honorable Milton Pollack, Senior District Judge, presiding, and the issues having been duly tried and the jury having duly rendered its verdict in favor of plaintiffs for $37,719,000; and others of the defendants having in advance of trial settled claims against them for $1,144,000., it is
Ordered and Adjudged that the plaintiffs recover of the defendant Laventhol & Horwath the sum of $36,575,000, with interest thereon from the date of entry of this judgment and their costs of action.
Pursuant to Rule 54(b) there is no reason for delay in entry of this judgment since the matter passed on by the jury is entirely severable from all other matters in this docket.
NOTES
[*] Honorable Milton Pollack, Senior Judge for the United States District Court for the Southern District of New York sitting by intercircuit assignment in Houston, Texas, for this case.